**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kevin Eugene KELLER, Defendant—
Appellant.**

**No. 05–50681.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed May 29, 2007.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Mark R. Rehe, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: NOONAN, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Kevin Eugene Keller appeals his jury conviction on one count of conspiracy, in violation of 18 U.S.C. § 371, and eight counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 2, 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion, *see United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999), when it admitted an exhibit containing computer screen shots of a document with the title "fuckyou.doc." The exhibit was admissible as relevant nonhearsay for the purpose of establishing fraudulent intent on the part of Keller or his alleged co-conspirators with respect to their business's purported enrollment fee refund policy. *See United States v. Jaramillo–Suarez*, 950 F.2d 1378, 1383 (9th Cir.1991) (noting that where the probative value of a document "was independent of the truth of its contents, the rule against hearsay was not implicated"). The probative value outweighed any prejudice. *See* Fed.R.Evid. 403. However, even if the district court erred in admitting the exhibit, any error was harmless. *See United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir.2004) (reaffirming that a reviewing court may disregard mistakes made by the district court "unless [the court] ha[s] grave doubt whether the erroneously admitted evidence substantially affected the verdict" (citation and internal quotation marks omitted)). The offending exhibit was hardly the lynchpin in the government's case, which included significant witness testimony and extensive documentary evidence from which the jury could have concluded that Keller was an active and knowing participant in an ongoing scheme to defraud over one thousand potential home buyers. It is significant that Keller admitted to signing most of the letters denying refunds to the victims and that other evidence showed the letters contained materially false statements.

2. Our case law forecloses Keller's Ex Post Facto and Due Process challenges to the district court's application of the advisory sentencing guidelines following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Dupas*, 419 F.3d 916, 921 (9th Cir.2005).

3. Finally, the district court did not err when it set the loss range at $1.5 to $2.5 million for Sentencing Guidelines purposes but adopted a different, higher value of just over $2.9 million for restitution purposes. District courts are granted wide latitude in ordering restitution, *see United States v. Laney*, 189 F.3d 954, 966 (9th Cir.1999), and the figure calculated by the government was the fruit of almost two years of forensic accounting analysis spent sifting through available business records and tabulating enrollment fees. Keller has provided no evidence to discredit the government's calculation, and he fails to identify any authority that makes it improper for a district court to show leniency with respect to determining a defendant's prison sentence but not with respect to awarding restitution.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.